903 P.2d 87

**Lee P. ENRIGHT and Nancy K. Enright, husband and wife, Plaintiffs–Appellants– Cross–Respondents,**

v.

**BLAINE COUNTY, a political subdivision; Alan Reynolds; Rupert House; Tom Blanchard; Leonard Harlig; Cindy Mann; John Gladics; Wendy Collins; John McDonald; Robert Struthers; Tom Bowman; Does 1 through 10, inclusive; and Kathryn Wilson and Edgar "Ned" Washburn, wife and husband, Defendants–Respondents–Cross–Appellants.**

No. 20391.

Supreme Court of Idaho, Idaho Falls, March 1995 Term.

Sept. 26, 1995.

Evans, Keane, Boise, for appellants. Bruce C. Jones argued, Boise.

Luboviski, Wygle, Fallowfield & Williamson, Ketchum, for defendants-respondents Blaine County, Reynolds, House, Blanchard, Mann, Gladics, and Collins. Ned C. Williamson argued, Ketchum.

Roark, Rivers & Phillips, Hailey, for defendants-respondents Wilson and Washburn. R. Keith Roark argued, Hailey.

McDEVITT, Chief Justice.

## I.

### BACKGROUND AND FACTS

Lee and Nancy Enright (the Enrights) sought and obtained a conditional use permit from the Blaine County Planning and Zoning Commission (the Commission) to construct a residence in a floodplain in Blaine County. The Enrights appealed a condition placed on their permit to the Blaine County Board of County Commissioners (the Board), which affirmed the Commission.

After this initial appeal, Kathryn Wilson and Edgar Washburn (Wilson and Washburn) appealed the Commission's issuance of the permit to the Board. Wilson and Washburn claimed that, because the Commission had not made any findings as to whether downstream landowners would be substantially affected by the permit, the Enright's permit should be declared void. The Board issued a decision remanding the appeal to the Commission, directing the Commission to determine whether downstream landowners had been notified of the initial hearing as required by statute, and requiring that the Commission adopt findings of fact and conclusions of law.

While the case was pending before the Commission, the Enrights filed a complaint in district court for declaratory relief and sought a writ of prohibition to enjoin Blaine County from conducting further proceedings. Wilson and Washburn filed motions to dismiss for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted in the district court. The County filed a motion to dismiss on the same basis.

On December 27, 1991, the district court held a hearing on all pending motions, after which the district court concluded that it lacked the jurisdiction to grant the relief sought in the Enrights' complaint. The district court concluded that the Enrights had not exhausted their administrative remedies, and the district court therefore lacked jurisdiction to review the Board's decision. However, the district court noted that the Enrights had moved for leave to amend their

complaint. The district court did not dismiss the Enrights' case, and granted the Enrights leave to file an amended complaint.

The Enrights filed an amended complaint seeking essentially the same relief sought in the original complaint. Wilson and Washburn filed petitions for review, answers, and motions to dismiss in response to the Enrights' amended complaint. The issues raised in the pleadings and motions remained essentially the same as those raised in the original pleadings and motions, addressing the issue of whether the Enrights had exhausted their administrative remedies prior to seeking judicial relief. The district court granted Wilson and Washburn's motion to dismiss on the same basis that the motion was originally granted. The district court again concluded that, because the Board had not taken any final action on the Wilson and Washburn appeals, the administrative remedies available to the Enrights had not been exhausted. The district court remanded the case to the Commission for further proceedings on the issues raised by the Board's remand.

The Enrights appealed the district court's decision to this Court, arguing that the district court should have enjoined Blaine County from further proceedings because the Wilson and Washburn appeals are not properly before the Board.

## II.

### ANALYSIS

There is no dispute that Wilson and Washburn did not appeal the issuance of the conditional use permit within the time provided by either the Blaine County ordinance or the Idaho Local Planning Act. Blaine County Ordinance No. 77–5, § 30.4; I.C. § 67–6521(d). Wilson and Washburn argue that, because they were not given the notice required by statute prior to the issuance of the Enrights' conditional use permit, Wilson and Washburn's objections are not foreclosed by the time limitation from appealing the issuance of such permits.

Wilson and Washburn claim that the Enrights did not comply with the notification requirements of the Idaho Local Planning Act, which sets forth the notice of hearing that must be given before a special use permit can be granted. I.C. § 67–6512(b). Although there is no dispute that the Enrights complied with the general publication requirements of that statute, Wilson and Washburn argue that they were entitled to actual notice of the permit application pursuant to the provision requiring actual notice to the owners and purchasers of record of land "that may be substantially impacted by the proposed special use as determined by the commission." I.C. § 67–6512(b).

In order for Wilson or Washburn to be entitled to actual notice under this provision, the Commission was first required to find that Wilson or Washburn's property would be substantially impacted by the issuance of the permit. The Commission made no such finding. Because Wilson and Washburn raise no other issues with regard to the sufficiency of the notice of hearing, Wilson and Washburn's appeal to the Board and petition to review filed with the district court were not timely filed.

On remand the issues raised in the respective pleadings of the Enrights, Wilsons and Washburns will be addressed by the trial court.

## III.

### CONCLUSION

The district court's order dismissing the Enrights' complaint is reversed and the case remanded to the district court for further proceedings. Costs on appeal to appellants.

JOHNSON, TROUT, SILAK and SCHROEDER, JJ., concur.